DICKINSON, Justice,
dissenting:
¶ 29. Because I cannot agree with majority’s decision to affirm the chancellor’s grant of summary judgment, I must respectfully dissent. The affidavit of Robert Windham, owner and CEO of O.W.O. Investments, Inc. states in pertinent part:
[[Image here]]
At all times during all negotiations which took place between myself and John Diamond, Jack Parsons represented to me that he was an authorized agent, (although not a principal) of Stone Investments and that he was authorized to negotiate for them and bind to said company. to
At all times during said negotiations, Jack Parsons and Stone Investment were aware and fully knowledgeable that the 40.5 acres included in the 300 acres John Diamond was negotiating to sell to us was not owned by John Diamond but was, in fact owned by Stone Investment. CO
O.W.O. was induced to sign the contract, first by John Diamond’s representation to O.W.O. that he owned the entire 300 acres that was the subject matter of the contract. This representation was made in spite of the fact and with the full knowledge and participation of Stone Investment by and through its agent, Jack Parsons, all the while knowing that 40.5 of the acres out of the total 300 was not, in fact, owned by John Diamond and Stone Investment, though its *450 agent, Jack Parsons, did participate in this representation.
¶ 30. Parsons stated in his deposition that “people think that I am the, quote, master, end quote, of Stone Investment, which is quite erroneous.” He admitted to acting as an agent of Stone Investments on occasion. Jack Parsons’s son, Dana Parsons, is the president of Stone Investments. Viewing this evidence in the light most favorable to O.W.O., a question of material fact exists as to whether O.W.O. was induced to enter the contract and the later amended contract by the allegedly fraudulent representations of Stone Investments through its purported agent, Jack Parsons. And I respectfully disagree with the majority’s conclusion that “O.W.O. waived any claim of fraud by entering into an amended contract.” Indeed, fraudulent inducement to enter into the amended contract is part of the plaintiffs claim. I would reverse and remand this case for a trial on the merits, and therefore must respectfully dissent.
WALLER, C.J., CARLSON, P.J., AND LAMAR, J., JOIN THIS OPINION.